**Leslie David SPANN, Plaintiff**

v.

**ROBINSON PROPERTY GROUP, L.P.d/b/a Horseshoe Casino and Hotel, Defendant.**

**No. 2:96CV95–B–D.**

United States District Court, N.D. Mississippi, Delta Division.

July 24, 1997.

---

Russell William Holmes, Jimmy D. Shelton & Associates, Tupelo, MS, for plaintiff.

David A. Burns, Holcomb Dunbar, Clarksdale, MS, for defendant.

United States to remove an action brought under § 2410 involving property in which it has or claims a lien). 740 F.2d at 482.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court upon the defendant's motion for partial summary judgment. The plaintiff has failed to respond. Upon due consideration, the court finds that the defendant's motion is well-taken and should be granted.

### FACTS

The plaintiff was allegedly injured on January 1, 1996, when a cocktail waitress at the Horseshoe Casino and Hotel spilled hot coffee on his back. It is apparently undisputed that the waitress was bumped by another patron, causing her to spill her tray of drinks. The plaintiff has admitted in his deposition that the waitress' action was neither malicious nor intentional. The plaintiff has further stated in his deposition that he does not believe the waitress was either reckless or grossly negligent.

The plaintiff's complaint seeks compensatory damages from the defendant in addition to $100,000.00 in punitive damages. The defendant has moved for partial summary judgment on the issue of punitive damages on the grounds that the plaintiff has presented no evidence of such reckless or malicious conduct as would give rise to a claim for punitive damages.

### LAW

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'... that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. That burden is not discharged by "mere alle-gations or denials." Fed.R.Civ.P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

A claim for punitive damages requires clear and convincing evidence that the defendant acted with actual malice, gross negligence, or fraud. Miss.Code Ann. § 11–1–65(1)(a) (Supp.1996).[1] The defendant has presented deposition testimony of the plaintiff in which the plaintiff admits that the waitress did not act with either malice or gross negligence. The plaintiff further admitted during his deposition that a friend who accompanied the plaintiff to the casino told the plaintiff that someone else backed into the waitress causing her to spill her tray of drinks. The plaintiff has failed to respond to the defendant's motion, and thus has presented no evidence to the court that the defendant's actions are of the malicious or reckless nature necessary to support a claim for punitive damages. The plaintiff has further made no claims that the defendant's actions were fraudulent. From the facts and testimony presented, the court finds absolutely no evidence which could conceivably give rise to a claim for punitive damages. Therefore, the court finds that the defendant's motion should be granted.

### CONCLUSION

For the foregoing reasons, the court finds that the defendant's motion for partial summary judgment on the issue of punitive damages should be granted. An order will issue accordingly.

---

1. Miss.Code Ann. § 11–1–65(1)(a) merely codifies long-standing Mississippi case law which holds that punitive damages are to be awarded only in extreme cases in which the defendant acted intentionally, or with a gross disregard for the rights of others. *Tideway Oil Programs, Inc. v. Serio*, 431 So.2d 454, 460 (Miss.1983); *Fowler Butane Gas Co. v. Varner*, 244 Miss. 130, 141 So.2d 226, 233 (1962).